Kaplan, Mitchell H., J.
The above captioned plaintiffs (the “Plaintiffs”) have filed a complaint in which they request that the court vacate an arbitration award adverse to them rendered by a FINRA Dispute Regulation, Inc. (“FINRA”) arbitration panel.[4] The Plaintiffs’ complaint will be treated as a motion to vacate. For the reasons that follow, that motion is DENIED and FINRA’s decision is AFFIRMED.
BACKGROUND
On April 11 2008, the Plaintiffs filed a statement of claim with FINRA against Merrill Lynch, Pierce, Fen-ner & Smith, Inc. (“Merrill Lynch”), as successor in interest to Advest, Inc. (“Advest”), and Joseph R. Crespi (“Crespi”) a financial advisor with Advest (collectively, “Defendants”). The Plaintiffs alleged that they suffered losses because of improper acts by the Defendants in connection with their investment portfolios and sought compensatory damages. After fourteen hearing sessions conducted over several months, an arbitration panel denied the Plaintiffs’ claims in an Award mailed to the parties on August 9, 2011.
On September 7, 2011, the Plaintiffs filed a motion to vacate the arbitration award pursuant to G.L.c. 251, §§12 and 15. The Plaintiffs contend that the Award should be vacated by reason of improper conduct on the part of FINRA.
DISCUSSION
Under G.L.c. 251, §12, judicial review of arbitral awards is limited to certain narrow grounds. Unless “one or more of these grounds exist, a court of law must enforce an arbitrator’s decision.” Adam Assocs. Int’l v. William A. Berry & Son, Inc., 22 Mass. L. Rptr. 389 (Mass.Super.Ct. 2007), aff'd, 71 Mass.App.Ct. 1126 (2008).
In this case, the Plaintiffs seek to vacate the award under §12(a)(2), which provides that an award will be vacated if “there was evident partiality by an arbitrator appointed as a neutral, or corruption in any of the arbitrators, or misconduct prejudicing the rights of any party.”[5] They allege that FINRA engaged in misconduct and exhibited bias toward the Defendants in two ways. First, the Plaintiffs claim that the arbitrators and counsel for the Defendants conspired, through ex parte communications, to cover up the partial destruction of an audio recording of one morning of the proceedings. Second, they assert that the arbitrators violated their right to a speedy hearing under FINRA’s procedural rules by failing to act on their request to expedite the evidentiary hearing. Both these assertions are without merit.
I. Destruction of the Audio Recording
Following a number of hearing sessions in December 2010, the Defendants requested the audio recordings of the sessions from FINRA.[6] After listening to the recordings, the Defendants discovered that a portion of one hearing session was missing. Defendants’ counsel sent an email dated March 30, 2011 to Arthur Baumgartner (“Baumgartner”), the case administrator at FINRA’s Northeast Processing Center, alerting him to the missing recording and requesting that FINRA provide the recording as soon as possible. The email set out what Defendants’ counsel believed was contained in the missing recording: (1) a colloquy between counsel and the panel regarding the Massachusetts Marital Privilege: (2) a colloquy between counsel and the panel members regarding monthly account statement exhibits: and (3) a direct examination of plaintiff Roslyn Abdelnour.[7] Some months later, on August 4, 2011, apparently after the arbitrators had reached their decision, FINRA faxed a copy of the March 30, 2011 email to both parties.
Based on these events, the Plaintiffs argue that the Defendants and FINRA conspired to cover up the destruction of the audio recordings and FINRA exhibited bias towards them. They point to the Defendants’ March 30, 2011 email, which they describe as an ex parte communication, as well as the amount of time it took for FINRA to alert them to the missing audio as evidence of misconduct. Neither the email nor the fax supports their allegations of cover-up or bias.
Contrary to the Plaintiffs’ contention, the Defendants’ email provides no evidence of any collusion. First, it was clearly not an ex parte communication. Baumgartner was not an arbitration panel member but rather a case administrator with FINRA. Private contact with an administrative official cannot be considered any more improper than similar conduct with the clerk of this court. Second, the email’s content does not support an assertion of improper motive or purpose. The email simply informed FINRA of a missing portion of the audio transcript. It is not clear that FINRA even responded to it.
FINRA’s delay in sending a copy of the email to the Plaintiffs and notifying them of the missing recording likewise provides no support for the allegation of conspiracy. While it would have been better for FINRA to inform the Plaintiffs of the missing audio sooner, the delay between the Defendants’ email and the August 2011 notice, without more, does not suggest that FINRA acted in a biased fashion or engaged in purposeful misconduct. Clearly, FINRA’s administrator could, and probably should, have notified both parties about the missing recording more promptly, *542 but that is not evidence of some conspiracy or bias on the part of the arbitrators.
Significantly, the Plaintiffs have failed to demonstrate that they suffered any prejudice as a result of what occurred. The panel members were present during the relevant hearing session and thus did not need to rely on the audio transcript for their decision. The Plaintiffs’ counsel never asked for the recordings, so they obviously did not believe that they needed them to prepare for the many hearing sessions that followed. Moreover, the missing audio concerns only a small part of the fourteen hearing session arbitration, and the Plaintiffs offer no evidence that the testimony and colloquies of counsel that were not recorded were critical to the outcome of the arbitration. See Rai v. Barclays Capital Inc., 739 F.Sup.2d 364, 374 (S.D.N.Y. 2010) (refusing to vacate a FINRA arbitration award on the basis of a missing transcript where there was no evidence that the lack of a transcript prejudiced the arbitrator’s determination).
II. Request for Expedited Scheduling
Shortly after filing their statement of claim, the Plaintiffs filed a request with FINRA for an expedited scheduling of the arbitration proceeding. In the filing, the Plaintiffs expressed concern that, due to his advanced age, poor health, and decreasing mental acuity, delay would seriously hamper or preclude plaintiff James Abdelnour’s ability to testify on his own behalf. There is no evidence that FINRA responded to this request.
Plaintiffs maintain that FINRA showed bias toward the Defendants and seriously prejudiced their case by failing to expedite the hearing, granting multiple requests for postponements, and scheduling the hearing sessions several months apart. The record, however, makes clear that much of the delay in the arbitration was the result of the Plaintiffs’ own conduct and that Plaintiffs expressly agreed to the continuances.
Beginning in June 2009, the Plaintiffs repeatedly failed to respond to the Defendants’ discovery requests. The Defendants’ requested written responses and documents under Rule 12506 of the FINRA Code of Arbitration Procedure and Notice to Members 99-90, but received none. In consequence, they filed a motion to compel discovery on August 13, 2009. The motion prompted Plaintiffs to enter into a Consent Order by which they agreed, in addition to providing the outstanding discovery, to adjourn the hearing dates until February 2010. Despite the order, the Plaintiffs’ discovery deficiencies persisted, and the rescheduled hearing dates were adjourned again.[8] The Defendants eventually filed a second motion to compel discovery on April 6, 2010, which was allowed in part and denied in part on August 4, 2010. Following this order there appears to have been a back-and-forth between the parties looking for mutually convenient dates, with the result that the first hearing sessions took place on December 1-3, 2010, followed by subsequent sessions in May and July 2011.
In view of the Plaintiffs’ own delays in providing discovery and their express agreement that, as a result, hearing dates had to be adjourned, their present contention that the panel seriously prejudiced their right to a fair arbitration hearing by not conducting it sooner seems somewhat disingenuous. Had they been truly concerned with preserving Abdelnour’s ability to testify at the hearings, the Plaintiffs could have met their discovery obligations in timely fashion and had a hearing substantially sooner. They could also have made arrangements to ensure that Abdelnour’s testimony was preserved.[9]
ORDER
For the foregoing reasons, the Plaintiffs’ motion to vacate FINRA’s arbitration award is DENIED and the award is AFFIRMED.[10]

General Laws c. 251, §15 provides that any submission to a court seeking to vacate an arbitration award “shall be by motion.” The Plaintiffs, however, have commenced this action by filing a complaint and asking for a jury trial. The court will, nonetheless, treat the Plaintiffs’ complaint as a motion to vacate the arbitration award.

The Plaintiffs also argue that the award should be vacated based on a manifest disregard for the law by the panel, a standard that they assert is applied by the federal courts. It is unclear whether this standard is recognized in Massachusetts as an additional ground for vacating an award. In any event, for the reasons discussed below, the court finds that FINRA’s actions were not in manifest disregard of the law.

Rule 12606 of the FINRA Code of Arbitration Procedure requires all hearings to be digitally recorded. The recording serves as the official record of the proceedings.

It is unclear whether the Defendants received any reply to their email or whether the Defendants followed up on their request. It is evident, however, that FINRA did not address the issue in the subsequent hearing sessions held in May and July 2011 and that the Defendants did not alert the Plaintiffs to üie missing audio recording.

In a December 15, 2009 order, the chairperson of the panel noted that the parties had agreed to cancel the February dates and to try and reschedule in April and'May 2010.

It is worth noting that the Plaintiffs did not present Abdelnour as a witness until May 2011 (the second hearing period) and that they did not seek to depose Abdelnour to preserve his testimony.

The Defendants ask that this court find that the Plaintiffs’ motion is frivolous and order Plaintiffs to pay their costs and counsel fees associated with the motion pursuant to G.L.c. 231, §6F. The court declines to do so. While the court concludes that the Plaintiffs’ claims are without merit, it does not find that they were brought in bad faith. Both FINRA’s delay in informing the Plaintiffs of the missing portion of the audio transcript and its failure to act on the Plaintiffs’ request for an expedited hearing schedule provide some basis for their allegations.